UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP R. HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>JOSIE GASTELO, Warden,<br><br>Respondent. | No. 2:19-cv-2414 KJM DB P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

  Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

  Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

  Petitioner seeks relief from a sentence of twenty-five years to life following his conviction for murder in the first degree with an enhancement for personal use of a deadly weapon. See Pet. at 1 (ECF No. 3). His petition for writ of habeas corpus identifies the date of conviction as March 23, 2015. Id. It also reveals that the California Court of Appeal, Third Appellate District, affirmed the judgment on July 25, 2018, and that the California Supreme Court denied further review on October 10, 2018. Id. at 2. Since the petition in this court was not filed until December 2019, it appears that petitioner's petition is untimely. See 28 U.S.C. § 2244(d)(1).

Acknowledging the petition's untimeliness, petitioner contends that circumstances beyond his control prevented him from filing earlier, to include an institutional transfer in August 2019 that affected his ability to access the law library and his appellate attorney's delay in sending petitioner the trial transcripts. "Equitable tolling may be available '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim.'" McMonagle v. Meyer, 802 F.3d 1093, 1099 (9th Cir. 2015) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)). "A petitioner who seeks equitable tolling of AEDPA's one-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." Luna v. Kernan, 784 F.3d 640, 646 (9th Cir. 2015) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." Holland, 560 U.S. at 653. As to the extraordinary circumstances required, the Ninth Circuit has held that the circumstances alleged must make it impossible to file a petition on time, and that the extraordinary circumstances must be the cause of the petitioner's untimeliness. See Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010), citing Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).

Even assuming that the reasons proffered by petitioner qualify as "extraordinary circumstances," the Court concludes that petitioner is not entitled to equitable tolling because he has not demonstrated "reasonable diligence." As noted, petitioner's conviction became final in October 2018. A letter from petitioner's appellate attorney, which accompanies petitioner's request to file an untimely petition, reveals that petitioner's trial transcripts were returned to him on or around January 11, 2019, nearly a year before he initiated this case. In addition, while petitioner does contend that he had limited access to the law library following his August 2019 institutional transfer, he does not account for the approximately seven months between January 2019 and August 2019 when he could have (but did not) file a timely petition.

Because the Court finds that petitioner did not exercise "reasonable diligence" before he submitted an untimely petition, IT IS HEREBY ORDERED that petitioner's motion to proceed in forma pauperis is granted; and

IT IS HEREBY RECOMMENDED that this action be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 28, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Routine/hern2414.fr.dism