UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP R. HERNANDEZ, | No. 2:19-cv-2414 KJM DB P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JOSIE GASTELO, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is serving a term of twenty-six years to life following his 2015 conviction for first degree murder. In the pending petition, petitioner raises three grounds for relief: (1) the trial court violated his constitutional right to an impartial jury; (2) trial court erred in concluding that petitioner did not invoke his Miranda[1] rights during an interview with a detective; and (3) cumulative error. (ECF No. 3.) Respondent moves to dismiss the petition because petitioner did not present his third claim (cumulative error) to the California Supreme Court. (ECF No. 15.) Petitioner did not file an opposition to respondent's motion, but he did file a petition for stay and abeyance. (ECF No. 17.) Respondent opposes that motion.

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

1

**I.      Respondent's Motion to Dismiss**

A petitioner in state custody proceeding with a petition for a writ of habeas corpus must exhaust state judicial remedies. See 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity and gives the state court the initial opportunity to correct its alleged constitutional deprivations. See Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995).

When a habeas petition presents both exhausted and unexhausted claims, as appears to be the case here, the petition is considered "mixed." See Dixon v. Baker, 847 F.3d 714, 718 (9th Cir. 2017). Unless a petition is stayed and held in abeyance for the purposes of exhaustion, "[f]ederal courts must dismiss habeas petitions that contain both exhausted and unexhausted claims." Rose v. Lundy, 455 U.S. 509, 522 (1982).

Here, the California Court of Appeal affirmed petitioner's conviction on direct appeal and the California State Supreme Court denied review. (Lodged Docs. 3, 4.) At no point did petitioner present a cumulative error claim. He also did not seek habeas review from the state superior court before filing his federal petition. Petitioner thus failed to exhaust his cumulative error claim before initiating this case.

**II.     Petitioner's Motion for Stay and Abeyance**

Conceding that he did not exhaust his third claim, petitioner moves for a stay and abeyance on the ground that he did not know that the claim was not presented to the state courts until respondent filed the instant motion to dismiss. Petitioner seeks a finding that his unexhausted claim "is not plainly meritless" and that there exists good cause for his failure to exhaust prior to filing suit—namely, his "own ignorance and confusion about the law." He also suggests, without elaborating, that appellate counsel was at fault for not raising the claim on direct appeal.

A stay and abeyance is available only where: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Rhines v. Weber, 544 U.S. 269, 277-78 (2005). "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Id. Therefore, a "stay and abeyance should be available only in limited circumstances." Id.

"There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust." Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014). Although good cause under Rhines does not require a showing of "extraordinary circumstances," Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005), a petitioner must do more than simply assert that he was "under the impression" that his claim was exhausted, Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008). "[U]nspecific, unsupported excuses for failing to exhaust—such as unjustified ignorance—[do] not satisfy the good cause requirement." Blake, 745 F.3d at 981. Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" his failure to exhaust his claims. Id. at 982.

Mere ignorance of the law is insufficient to demonstrate good cause because such a determination "would render stay-and-abeyance orders routine" and would be contrary to Rhines's instruction that district courts should only stay mixed petitions in "limited circumstances." See Wooten, 540 F.3d at 1024; Hughes v. Idaho State Board of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (noting that ignorance of the law does not constitute an excuse from due diligence); Alcaraz v. Giurbino, 2009 U.S. Dist. LEXIS 114017, at *2 (E.D. Cal. Dec. 8, 2009) (finding that ignorance of the law does not establish good cause for failure to exhaust).

Furthermore, petitioner's contention that "it is not clear why petitioner's attorney failed to raise the same three claims for review in the California Supreme Court" is insufficient to support a stay in this case. In Blake, the Ninth Circuit held that a petitioner can show good cause under Rhines for a failure to exhaust a claim of ineffective assistance of trial counsel by satisfying the

3

good cause standard announced in Martinez v. Ryan, 566 U.S. 1 (2012) ("Martinez"). Blake, 745 F.3d at 983-84. In Martinez, the Supreme Court endorsed an exception to the general rule that "ignorance or inadvertence" on the part of a petitioner's post-conviction counsel does not constitute cause to excuse a procedural default of a claim of ineffective assistance of trial counsel. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991) (stating general rule). The Martinez Court concluded that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Martinez, 566 U.S. at 17. Applying Martinez to the Rhines context, Blake held that a petitioner can show good cause for a failure to exhaust by showing that the ineffectiveness of post-conviction counsel caused the failure to exhaust. See Blake, 745 F.3d at 983-84 (good cause under Rhines "cannot be any more demanding than a showing of cause under Martinez to excuse state procedural default"); see also Dixon v. Baker, 847 F.3d 714, 720-21 (9th Cir. 2017) (inmate's lack of counsel during state post-conviction proceedings constituted good cause for failure to exhaust).

Contrary to the facts in this case, Martinez and Blake concerned ineffective assistance by state habeas counsel on collateral review, not appellate counsel on direct review. For this purpose, an attorney representing a criminal defendant in a state court appeal on direct review is not "post-conviction" counsel. Cf. Coleman v. Thompson, 501 U.S. at 752-57 (while petitioner had a right to counsel on direct appeal from a criminal conviction, petitioner enjoyed no right to counsel in state habeas "post-conviction" proceedings); Pennsylvania v. Finley, 481 U.S. 551, 555, 557 (1987) ("Postconviction relief ... is a collateral attack that normally occurs only after the defendant has failed to secure relief through direct review of his conviction"; prisoner has no constitutional right to counsel "when attacking a conviction that has long since become final upon exhaustion of the appellate process"). Neither Martinez nor Blake holds that the ineffective assistance of appellate counsel, as distinguished from post-conviction (state habeas) counsel can constitute good cause for a failure to exhaust under Rhines. See Avalos v. Sherman, 2018 WL

4

5304855, at *5 n.9 (C.D. Cal. Sept. 10, 2018), adopted, 2018 WL 5304777 (C.D. Cal. Oct. 24, 2018) ("far from clear" whether ineffective assistance of appellate counsel could constitute good cause under Rhines).

Moreover, petitioner's conclusory allegations are insufficient to demonstrate good cause. "An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust." Blake, 745 F.3d at 982. "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Id. at 982-93 (petitioner supported allegation of ineffective assistance of postconviction (i.e. habeas) counsel in failing to investigate petitioner's mental problems and childhood abuse with evidence of petitioner's abusive upbringing and history of mental illness, including declarations and a psychological report).

Accordingly, the Court will recommend that petitioner's motion for stay and abeyance be denied. Because the petition is mixed, containing both claims exhausted in state court and claims not exhausted in state court, it is subject to dismissal. See Rose v. Lundy, 455 U.S. 509, 521–22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983). Since petitioner's motion for a stay should be denied, petitioner will be presented with the opportunity to voluntarily dismiss the unexhausted claim and proceed with the exhausted claims. Alternatively, he may voluntarily dismiss this action without prejudice while he returns to state court to exhaust his cumulative error claim. If petitioner chooses the second option, the Court makes no assurances about any possible state-law procedural bars or the timeliness of a subsequently filed federal habeas corpus petition.

### III. Conclusion

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss be GRANTED;
2. Petitioner's motion for stay and abeyance be DENIED;
3. In his objections to these findings and recommendations, petitioner shall notify the Court whether he wishes to dismiss the exhausted claim or whether he wishes to

1 | dismiss this action in its entirety. Failure to comply will result in the dismissal of this
2 | action.
3 | These findings and recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
5 after being served with these findings and recommendations, petitioner may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that
8 failure to file objections within the specified time may waive the right to appeal the District
9 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
10 Dated:  August 25, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/hern2414.mtd stay

6